## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRINETTA McCLAM and N.M.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 11-381 (RMC)** |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

After prevailing in an administrative action under the Individuals with Disabilities in Education Act and the Individuals with Disabilities in Education Improvement Act (collectively "IDEA"), 20 U.S.C. § 1400 *et seq*., Trinetta McClam and her son, N.M., brought this suit seeking attorney's fees and costs. Plaintiffs have now filed a motion for summary judgment; the District of Columbia opposes and seeks entry of judgment, arguing, *inter alia*, that the attorney's billing rate is excessive. As explained below, the motion for summary judgment will be granted in part and denied in part.

## I.  FACTS

Ms. McClam is the parent of a minor child, N.M. As provided for by the IDEA, she pursued a free appropriate education for her disabled child. On October 27 and 28 and November 12, 2009, an administrative due process hearing was held concerning N.M.'s special education needs. The District concedes that Ms. McClam and N.M. were the prevailing parties in that proceeding. *See* Opp'n [Dkt. # 9] at 1.

Under 20 U.S.C. § 1415(i)(3)(B), a court may award attorney's fees to a parent who prevails in an IDEA proceeding. Thus, Plaintiffs submitted a petition for attorney's fees and costs to the District in the amount of $44,038.32. Pls.' Mot. for Summ. J. [Dkt. # 8] ("Pls.' Mot."), Ex. 2 [Dkt. # 8-6] (invoice dated Dec. 30, 2009). On April 27, 2010, the District paid $31,333.65 on this first invoice. Then, Plaintiffs submitted a invoice for fees and costs in the amount of $3,170.47. Pls.' Mot., Ex. 4 [Dkt. # 8-8] (invoice dated Dec. 27, 2010). The District made a supplemental payment in the amount of $2,724.78 on May 13, 2011.

The District did not pay the full amount of the invoices because it deleted amounts attributable to the period before the underlying August 13, 2009 due process complaint filing and after the November 22, 2009 Hearing Officer's Determination ("HOD"). The District reduced the amounts further by discounting the attorney's hourly rate from $400 and $450 per hour to $300 per hour through December 9, 2009 and to $400 per hour thereafter and by discounting the photocopying charge from $0.25 per page to $0.15 per page. The District also refused to pay mileage and fax charges.

Because the District did not pay the full amount of attorney's fees and costs submitted, Plaintiff brought suit seeking the remainder of the amounts invoiced, *i.e.*, $13,150.36. Plaintiffs now move for summary judgment. The District filed an opposition, asking that Plaintiffs' motion be denied and seeking entry of judgment for defendant. *See* Opp'n at 2, 12. Because the District seeks entry of judgment, the Court treats the Opposition as a cross motion for summary judgment. The cross motions for summary judgment will be granted in part and denied in part.

## II.  LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law.  Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  In addition, the nonmoving party may not rely solely on allegations or conclusory statements.  *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Id.* at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III.  ANALYSIS

### A.  Rates

The IDEA authorizes an award of attorney's fees to a prevailing party who is the parent of a child with a disability.  20 U.S.C. § 1415(i)(3)(B).  Attorney's fees "shall be based on

rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *Id*. § 1415(i)(3)(C).  Thus, to recover attorney's fees, a party must demonstrate that she is the prevailing party and that the fees sought are reasonable.  *Rooths v. Dist. of Columbia*, No. 09-492, 2011 WL 3529292, at * 3 (D.D.C. Aug. 9, 2011).  Courts determine whether a fee is reasonable by  by calculating the "lodestar fee," *i.e.* the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).[1]  The fee applicant bears the burden of establishing all elements of the requested fee award, including entitlement to the award, documentation of appropriate hours, and justification for the reasonableness of the rates.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995).[2]

      The determination of a market rate is "inherently difficult" and is decided by the court in its discretion.  *Blum*, 465 U.S. at 896 n.11.  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id*.  "[A]n attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is in line with those prevailing in the community for

---

[1] Reasonable attorney's fees include charges for legal assistants and law clerks.  *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989).

[2] Fee applications must "include contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work with supporting documents, if any."  *In re Donovan*, 877 F.2d 982, 994 (D.C. Cir. 1989).  The billing descriptions can be read in context, with clarification coming from surrounding billing entries as well as the docket.  *Heard v. Dist. of Columbia*, Civ. No. 02-296, 2006 WL 2568013, at *14-15 (D.D.C. Sept. 5, 2006).

similar services . . . ." *Kattan by Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993).

Here, Plaintiffs seek reimbursement from the District of Columbia for legal services rendered by the law firm of Jester and Williams, as set forth in two invoices. *See* Pls.' Mot., Exs. 2 & 4. The attorney assigned to this case was Elizabeth Jester, who has more than 20 years experience in litigating IDEA cases. *See* Pl.'s Mot., Decl. of Elizabeth Jester ("Jester Decl.") [Dkt. # 8-3]. Her billing rate was $400 per hour for work performed in 2008 and 2009 and $450 per hour thereafter. *Id.* ¶ 9.

Plaintiffs contend that the rates of $400 and $450 per hour for the services of Ms. Jester are reasonable because they are below the rate set forth on the *Laffey* Matrix.[3] The *Laffey* Matrix was developed by the United States Attorney's Office for the District of Columbia to track prevailing attorney's hourly rates for complex federal litigation in the District of Columbia. *Covington*, 57 F.3d at 1109. It "creates one axis for a lawyer's years of experience in complicated federal litigation and a second [axis] for rates of compensation." *Griffin v. Wash. Convention Ctr.*, 172 F. Supp. 2d 193, 197 (D.D.C. 2001). The rates contained in the *Laffey* Matrix are typically treated as the maximum rates that will be presumed to be reasonable when a court reviews a petition for statutory attorney's fees. *Rooths*, 2011 WL 3529292 at *4. For the years 2008-2010, the *Laffey* rate for attorneys who have more than 20 years of experience was $465. *See* Pls.' Mot., Ex. 6 [Dkt. # 8-10] (*Laffey* Matrix 2003-2010).

The District objects to the application of *Laffey* rates because this IDEA litigation

---

[3] *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 74 F.2d 4 (D.C. Cir. 1984), as modified by *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988).

was not complex federal litigation and was, therefore, not the type of litigation addressed by *Laffey*. The District discounted Plaintiffs' request for fees at the rate of $400 per hour for work performed in 2008 and 2009 and $450 per hour thereafter; instead, the District paid an hourly rate of $300 per hour through December 9, 2009 and $400 per hour thereafter.

Federal district courts in this circuit disagree whether *Laffey* rates should be applied in IDEA cases. Some district courts have awarded fees in IDEA cases at *Laffey* rates. *See, e.g., Jackson v. Dist. of Columbia*, 696 F Supp. 2d 97, 102 (D.D.C. 2010) (collecting cases awarding fees at *Laffey* rates); *Cox v. Dist. of Columbia*, 754 F. Supp. 2d 66, 75-76 (D.D.C. 2010) (same). In *Cox*, the court found that the administrative proceeding was complex, noting that it involved the admission of sixty-five exhibits, the testimony of four witnesses, and written closing statements. *Id*. at 76.

In contrast, other courts have declined to award the maximum rates set forth in the *Laffey* Matrix. In these cases, the courts have found that the IDEA case in question was not complex. In *Agapito v. Dist. of Columbia*, 525 F. Supp. 2d 150 (D.D.C. 2007), this Court declined to apply *Laffey* rates to relatively simple and straightforward IDEA cases, describing the type of straightforward preparation ordinarily required for an IDEA due process hearing:

> Preparation for a due process hearing requires (1) the filing of a hearing request form; (2) participation in a resolution/mediation session prior to the hearing; (3) submission of all documents and witnesses to be introduced at the hearing; and (4) representation of the student and parent at the hearing itself, which involves putting on witnesses, cross-examining witnesses, and introducing evidence. Legal argument may also be made. While an [IDEA] case may be more complicated, the invoices and Hearing Officer Decision (HOD) in the record shows that these particular matters were not.

525 F. Supp. 2d at 152. In *Rooths*, the district court similarly noted that most IDEA litigation is

not complicated:

> [IDEA] litigation does not much resemble the sort of complicated cases in which a plaintiff's counsel is appropriately awarded fees at the maximum allowable rate.  Like most IDEA cases, the claim on which the plaintiff prevailed in this action involved very simple facts, little evidence, and no novel or complicated questions of law. It was presented in a reasonably informal setting to an administrative Hearing Officer in a two-hour hearing.

*Rooths*,  2011 WL 3529292 at *6; *accord Wilson v. Dist. of Columbia*, Civ. No. 09-2258, 2011 WL 1428090, at *3 (D.D.C. Apr. 14, 2011) (*Laffey* rates are not generally applicable to IDEA cases because they are not usually complex); *see Muldrow v. Re-Direct, Inc.*, 397 F. Supp. 2d 1, 4-5 (D.D.C. 2005) (refusing to apply high-end fees of *Laffey* to a straightforward negligence suit).

The District has established its own guidelines for hourly rates for IDEA lawyers in the District of Columbia.  Under those guidelines, attorneys with more than twenty years of experience were paid at the rate of $300 per hour for work done in 2009.  *See* Opp'n [Dkt. # 9] at 9 & Ex. 4 (Harris-Lindsey Decl., filed in *Ward v. Dist. of Columbia*, No. 09-1874 (D.D.C.) [Dkt. # 31-1] (Apr. 14, 2011) ¶ 6.[4]  Some courts have applied rates similar to these.  For example, in *Rooths*, the court awarded fees at an hourly rate equal to three-quarters of the *Laffey* rate, rates almost identical to the District's guideline rates.  *See Rooths*, 2011 WL 3529292 at *6.

Here, Plaintiffs argue that this particular IDEA case was, in fact, complex.  The due process hearing took three days.  In preparation for the hearing, Plaintiffs listed 36 exhibits

---

[4] The Harris-Lindsey Declaration states that the District has been paying Ms. Jester at the rate of $300 per hour for IDEA cases and implies that this is Ms. Jester's market rate.  The argument is unconvincing as Ms. Jester responds that she is "fighting" this rate, sometimes successfully.  Reply at 7.

and 10 witnesses, and the District listed 20 exhibits and 10 witnesses.[5]  The Hearing Officer required closing arguments to be written.  But all due process hearings have exhibits and witnesses, and IDEA cases are generally not complex.  Plaintiffs have pointed to no novel issue or other complexity that turned this particular IDEA case into a complicated piece of litigation.  Accordingly, *Laffey* high-end rates cannot be awarded here.  Instead, the rates proposed by the District — $300 per hour through December 9, 2010 and $400 thereafter— are reasonable.

### B.  Charges Alleged to be Remote in Time

The District also subtracted charges for work dated before the filing of the due process complaint on  August 13, 2009, and charges for work dated after the filing of the HOD on November 22, 2009.  Plaintiffs have demonstrated that all such charges are related to the underlying litigation and are chargeable to the District.  The first entry on the first invoice is dated April 2, 2009, and involved Ms. Jester's contact with an expert, A. Booker, Ph.D.  *See* Pls.' Mot., Ex. 2 [Dkt. # 8-6] (invoice dated Dec. 30, 2009) at 2.  Ms. Jester asked Dr. Booker to review the file in anticipation of his testimony at the due process hearing.  Thereafter, Dr. Booker reviewed the records and observed N.M. at Prospect Learning Center, his educational placement at the time.  Ms. Jester consulted with Dr. Booker several times and then decided to file the due process complaint.  Dr. Booker later testified at the administrative hearing.  The charges after November 22, 2009 reflect time Ms. Jester spent ensuring that the District complied with the HOD.  Ms. Jester followed up with the District to make sure that N.M.'s placement at the non-public school took place and that transportation was provided.  Ms. Jester also coordinated and attended the IEP

---

[5] At the hearing, 24 of  Plaintiffs' exhibits and 17 of Respondent's exhibits were admitted into evidence.  *See* Pls.' Mot., Ex. 1 [Dkt. # 8-5] (HOD) at 5.  Eleven witnesses testified.  HOD at 19.

meeting ordered by the Hearing Officer to ensure that the District complied with the HOD

requirement for assistive technology.  For these reasons, the District will be required to pay

attorney's fees for the entries on the invoices that are before August 13, 2009 and after November

22, 2009.

### C.  Costs of Copying, Faxing, and Mileage

The District discounted the per page rate for copying to $0.15 per page and refused

to pay mileage and fax charges.  Costs for copying, faxing, and postage are customarily included

in fee awards in IDEA litigation.  *Kaseman v. Dist. of Columbia*, 329 F. Supp. 2d 20, 28 n.7

(D.D.C. 2004).  *See Johnson v. Holway*, 522 F. Supp. 2d 12, 20-22 (D.D.C. 2007) (courts

consider photocopying of exhibits attached to pleadings, filed with the court, introduced into

evidence, or used for impeachment purposes to be "necessarily obtained for use in the case" and

thus taxable as costs under 28 U.S.C. 1920(4) and LCvR 54.1(d)(8)).  Further, mileage charges

may be included if they are routinely billed by an attorney to her client.  *New York v. Microsoft

Corp.*, 297 F. Supp. 2d 15, 47-48 (D.D.C. 2003) (citing *Northcross v. Bd. of Ed. of Memphis*, 611

F.2d 624, 639 (6th Cir. 1979)).  Thus, the District should be required to pay the costs of copying,

faxing, and mileage.

Even so, Ms. McClam seeks recovery for copying and faxing at an excessive rate

— $0.25 per page.  In *Holway*, the defendant sought reimbursement for copying costs at the rate

of $0.25 per page.  *Holway*, 522 F. Supp. 2d at 20.  The plaintiff objected, asserting that Kinko's

rate in the District of Columbia was $0.10 per page.  The defendant then agreed that $0.25 per

page was excessive and instead sought $0.12 per page for copies that it made at its law firm.  *Id.*

The district court found the $0.12 per page rate was reasonable.  *Id*. at 20-21.  The defendant also

sought the copying cost of bound and tabbed trial exhibits at the rate of $0.14 per page.  The trial

exhibits were copied by an outside vendor, who characterized the job as a "medium" handling job,

not a "light" handling job.  The court also found the $0.14 rate to be reasonable.  *Id.* at 21; *see*

*Bryant v. CIA*, 742 F. Supp. 2d 90, 92 n.1 (D.D.C. 2010) (in a FOIA case, the CIA charged $0.10

per page, after the first 100 pages); *Interfaith Cmty, Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694,

717 (3d Cir. 2005) (vacating an award of costs in part because the district court approved without

explanation copying costs of $0.20 per page; noting that the Fed Ex/Kinko's rate was $0.07 per

page for bulk copying; and remanding for further consideration).  The rate of $0.25 per page for

copying is excessive.  The District of Columbia reimbursed Ms. McClam at the rate of $0.15 per

page, and the Court deems this rate to be reasonable.  The District shall pay facimile costs at the

same rate, $0.15 per page.

### D.  Prejudgment Interest

Plaintiffs also seek prejudgment interest on the award of attorney's fees.  Plaintiffs

rely on D.C. Code § 15-108, which provides:

> In an action in the United States District Court for the District of
> Columbia or the Superior Court of the District of Columbia to
> recover a liquidated debt on which interest is payable by contract or
> by law or by usage the judgment for the plaintiff shall include
> interest on the principal debt from the time when it was due and
> payable, at the rate fixed by the contract, if any, until paid.

D.C. Code §15-108.  This was not a suit to recover a "liquidated debt," but instead was one to

establish liability for, and the amount of, attorney's fees and costs.  *See Burke v. Groover,*

*Christie & Merritt, P.C.*, Civ. Nos. 07-1407 & 07-1420, 2011 WL 2899134, at *9 (D.C. July 21,

2011) (finding that D.C. Code § 15-108 did not apply to a suit to establish tort liability and

determine damages); *Am. Nat'l Red Cross v. Vinton Roofing Co., Inc.*, 697 F. Supp. 2d 71, 74

(D.D.C. 2010) (noting that a "liquidated debt" is "an easily ascertainable sum certain").

   The determination of whether prejudgment interest should be awarded is within the

discretion of the district court and is subject to equitable considerations. *Kaseman*, 329 F. Supp.

2d at 28.  In *Kaseman*, the district court awarded prejudgment interest on attorney's fees because

the District had unreasonably refused to settle plaintiffs' request for attorney's fees.  *Id*.  The

District had "completely stonewalled" plaintiffs for almost a year and had "presented reasons for

rejecting requests that often bordered on the absurd."  *Id*. at 28-29.  After considering the equities,

the court awarded prejudgment interest on attorney's fees.

   The circumstances in *Kaseman* are vastly different than the circumstances here.

Here, the District paid the lion's share of the attorney's fees, reducing the amount on grounds that

the Court mostly has found to be reasonable.  The request for prejudgment interest will be denied.

## IV.  CONCLUSION

   Accordingly, Plaintiffs' motion for summary judgment on attorney's fees and costs

[Dkt. # 8] will be granted in part and denied in part.  Defendant's cross motion, as set forth in its

Opposition [Dkt. # 9], also will be granted in part and denied in part.

   The District shall be required to pay attorney's fees as set forth on the invoices at

the rate of $300 per hour for the period through December 9, 2009 and $400 per hour thereafter.

The District shall pay for invoice entries dated before August 13, 2009 and after November 22,

2009; it shall pay fees for facsimile and copying at the rate of $0.15 per page; and it shall pay for

mileage.  Plaintiffs shall submit a supplemental invoice to the District, which shall set forth only

those amounts that remain unpaid and that the Court has required the District to pay pursuant to

this Memorandum Opinion.  The District shall pay the invoice promptly.  A memorializing Order

accompanies this Memorandum Opinion.


Date: September 6, 2011                                    _____/s/_____
                                                                          ROSEMARY M. COLLYER
                                                                          United States District Judge